UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KING,

Plaintiff,

v.

MEIJER, INC. and UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 951,

Defendants.

_____/

Case No. 05-70883

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
DONALD A. SCHEER

**ORDER GRANTING IN PART DEFENDANT UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 951's MOTION TO DISMISS [16]; DENYING PLAINTIFF'S MOTION FOR SANCTIONS [ 19]; AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [22]**

## I.  BACKGROUND

This is an employment discrimination case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*  Plaintiff claims that his employer and labor union discriminated against him on the bases of race and age.  On May 23, 2005, Defendant Local 951 filed a motion to dismiss [16] on grounds that Plaintiff failed to exhaust his administrative remedies as to the union and that it was defectively served under Fed. R. Civ. P. 4(d).

On July 11, 2005, the Court issued an order to show cause why Plaintiff's complaint should not be dismissed as to Local 951 for failure to exhaust

King v. Meijer, et al.
05-70883

administrative remedies. On July 19, 2005, Plaintiff filed a motion for appointment of counsel [22], which contained a response to the show cause order. For the reasons that follow, the Court will GRANT Defendant's motion to dismiss for failure to exhaust administrative remedies.

Plaintiff has also filed a motion for sanctions [19] and a renewed motion for the appointment of counsel [22]. Because both motions are without merit, the Court will DENY Plaintiff's motion for sanctions and DENY WITHOUT PREJUDICE Plaintiff's motion to appoint counsel.

## II.  DISCUSSION

### A.  Exhaustion of Administrative Remedies As To Defendant Local 951

Under Title VII, employment discrimination plaintiffs must exhaust all administrative remedies before seeking relief in federal court. *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992).

In this case, Plainitff's right to sue letter names Defendant Meijer, but not Defendant Local 951. There is no evidence in the record from which the Court could conclude that Plaintiff pursued and exhausted his administrative remedies against Defendant Local 951.

Plaintiff has not submitted copies of any of his administrative complaints to the Court. Aside from the right to sue letter issued by the EEOC as to Plaintiff's

King v. Meijer, et al.<br>05-70883

claims against Defendant Meijer, the Court is unable to ascertain the nature of the charges pursued by Plaintiff at the administrative level.

The Court notes that the cover sheet for Plaintiff's complaint indicates that his claims against the union arise under the Fair Labor Standards Act. Plaintiff's cover sheet describes his cause of action as follows: "Twice the Union failed too represent me."

Defendant Local 951's motion to dismiss for failure to exhaust administrative remedies does not address Plaintiff's claim under the Fair Labor Standards Act. Therefore, Defendant's motion to dismiss will be GRANTED only as to Plaintiff's Title VII claim against Local 951.

### B.  Defective Service Under Rule 4(d)

Defendant Local 951 argues that Plaintiff's complaint should be dismissed for defective service under Rule 4(d) because the summons and complaint "failed to set forth the time to return the waiver or answer and failed to enclose a prepaid envelope in which to return the waiver." Defendant's Brief at 3.

In this case, Plaintiff is proceeding *pro se*. The Court granted Plaintiff pauper status and ordered that the United States Marshall serve a copy of the complaint and summons upon the defendant, with all costs of service advanced by the United States.

Under the circumstances, the Court cannot conclude that the minor defects in service upon Defendant Local 951 were fatal to Plaintiff's complaint. Therefore,

King v. Meijer, et al.<br>05-70883

Defendant's motion to dismiss under Fed. R. Civ. P. 4(d) will be DENIED.

### C.  Plaintiff's Motion for Sanctions

On June 30, 2005, Plaintiff filed a motion for sanctions.  Because there is no basis for imposition of sanctions in this case, Plaintiff's motion for sanctions will be DENIED.

### D.  Plaintiff's Motion for Appointment of Counsel

Plaintiff previously filed a motion for appointment of counsel, which the Court denied without prejudice on March 15, 2005 [3].  Because Plaintiff has not set forth additional grounds justifying the appointment of counsel at this time, Plaintiff's second motion for appointment of counsel will be DENIED WITHOUT PREJUDICE.

### III.  CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED that Defendant Local 951's motion to dismiss Plaintiff's Title VII claims for failure to exhaust [16]  is GRANTED

IT IS FURTHER ORDERED that Plaintiff's Title VII claims against Defendant Local 951 shall be DISMISSED WITHOUT PREJUDICE so that Plaintiff may pursue any available administrative remedies against Defendant.

IT IS FURTHER ORDERED that Defendant's motion to dismiss for

King v. Meijer, et al.<br>05-70883

defective service [16] is DENIED.

    IT IS FURTHER ORDERED that Plaintiff's motion for sanctions [19] is DENIED.

    IT IS FURTHER ORDERED that Plaintiff's motion to appoint counsel is DENIED WITHOUT PREJUDICE [22].

    IT IS SO ORDERED.


                                     s/Arthur J. Tarnow<br>
                                     Arthur J. Tarnow<br>
                                     United States District Judge

Dated: 8/2/05

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2 , 2005 by electronic and/or ordinary mail.


                                     s/ Theresa E. Taylor<br>
                                     Case Manager